Filed: 02/07/12
U.S. District Court
East Dist. of MI Detroit

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AUTOMOTIVE WIRE HARNESS
SYSTEMS ANTITRUST LITIGATION
    Lucha Bott, et al. v. Delphi Automotive LLP, et al.,    )
        N.D. California, C.A. No. 3:11-04949   12-10674
    Susan LaCava v. Delphi Automotive LLP, et al.,    )
        E.D. Michigan, C.A. No. 2:11-14399        )

MDL No. 2311

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the action pending in the Eastern District of Michigan action moves to centralize this litigation in that district. This litigation currently consists of two actions pending in the Eastern District of Michigan and the Northern District of California.[2]

All responding parties agree that centralization of these actions is appropriate, and most support the Eastern District of Michigan as transferee district. Certain plaintiffs suggest other transferee districts, including the Northern District of California, the Eastern District of Louisiana, the Southern District of Alabama, and the District of Puerto Rico.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. It is undisputed that these actions share factual questions arising out of an alleged conspiracy to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Eastern District of Michigan is the most appropriate transferee district. Most responding parties support centralization there, where the vast majority of the actions are pending, including the first-filed action. Moreover, several defendants are located in this district and a related criminal investigation is ongoing there.

---

    [*]    Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

    [2]    The parties have notified the Panel that 42 additional related actions are pending. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of California is transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Marianne O. Battani for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Barbara S. Jones
Paul J. Barbadoro          Marjorie O. Rendell
Charles R. Breyer

I hereby certify that the foregoing is a true copy of the original on file in this office.

**Clerk, U.S. District Court**
**Eastern District of Michigan**

By *Sarah Schoenherr*
Deputy Clerk